J-S64017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMOD ROHN | |
| Appellant | No. 444 EDA 2016 |

Appeal from the PCRA Order January 15, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1004381-1996

BEFORE:  STABILE, J., SOLANO, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY SOLANO, J.:                    **FILED OCTOBER 21, 2016**

Appellant, Jamod Rohn, appeals *pro se* from the order dismissing his fifth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

Appellant pled guilty to two counts of third-degree murder, one count of rape, and one count of criminal conspiracy.  On September 7, 1999, the trial court sentenced Appellant to consecutive terms of 60 to 240 months' imprisonment on each of the third-degree murder charges, and 120 to 240

_____

[*] Former Justice specially assigned to the Superior Court.

months' imprisonment on the rape charge, with no further penalty imposed for the criminal conspiracy charge.[1] Appellant did not file a direct appeal.

Appellant unsuccessfully sought post-conviction relief in PCRA petitions that he filed in 2004, 2008, 2010, and 2012. Appellant filed the PCRA petition at issue in this appeal on December 3, 2015. On December 17, 2015, the PCRA court issued a Criminal Rule 907 notice of intent to dismiss Appellant's petition on the basis that it was untimely and that Appellant had failed to plead an exception to the PCRA's time bar. Appellant did not file a response. By an order entered January 15, 2016, the PCRA court denied Appellant's petition. This appeal followed.

Within his appellate brief, Appellant has not presented a statement of questions involved, in contravention of Pa.R.A.P. 2111 and 2116 (providing that the brief of the appellant shall include a statement of questions involved, which "must state concisely the issues to be resolved, expressed in the terms and circumstances of the case . . ."). Nonetheless, we discern from the argument section of Appellant's brief that he seeks relief pursuant to **Miller v. Alabama**, 132 S. Ct. 2455 (2012), which held that a sentence of life imprisonment without the possibility of parole is unconstitutionally cruel and unusual punishment when imposed upon juveniles convicted of

_____

[1] Appellant's aggregate sentence is 240 to 720 months (20 to 60 years) of imprisonment.

committing murder. The essence of Appellant's claim is that although he was 24 years old when he committed the aforementioned offenses, he should be treated as a juvenile under **Miller** because he had a "juvenile brain that d[id] not mature until age 25." Appellant's Brief at 7.

Before considering the merits of Appellant's claim, we must first determine whether the PCRA court correctly concluded that Appellant's PCRA petition was untimely filed, such that the PCRA court lacked jurisdiction to consider it.

The timeliness of a post-conviction petition is jurisdictional. **Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges and the petitioner proves one of the three exceptions to the time limitations for filing the petition set forth in Section 9545(b)(1) of the statute.[2] A PCRA petition invoking one of these

_____

[2] The three exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

*(Footnote Continued Next Page)*

statutory exceptions must "be filed within 60 days of the date the claims could have been presented." *Hernandez*, 79 A.3d at 651-52; *see also* 42 Pa.C.S. § 9545(b)(2). Asserted exceptions to the time restrictions for the PCRA must be included in the petition and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007). This Court's standard of review regarding an order dismissing a petition under the PCRA is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Barndt*, 74 A.3d 185, 191-192 (Pa. Super. 2013). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Id.*

Here, Appellant's judgment of sentence became final on October 7, 1999, thirty days after the time period for filing a direct appeal with this Court expired. *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). Appellant filed this fifth PCRA petition on December 3, 2015, more than 15 years after his judgment of sentence became final. Therefore, the petition is patently

---
*(Footnote Continued)*

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

untimely unless Appellant has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. **Hernandez**.

In his PCRA petition, Appellant acknowledges the time bar and concedes that his petition is untimely if no exception applies. PCRA Petition, 12/3/15, at 2-3. However, Appellant asserts he is within an exception under 42 Pa.C.S. § 9545(b)(1)(iii), which provides that a petitioner may seek relief when there is "a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." **Id.** Appellant's petition references the United States Supreme Court's decision in **Miller**, and his appellate brief does the same. **See** Appellant's Brief at 2-15.[3]

Appellant's claim fails. The record reflects that Appellant was born on September 5, 1967, and the offenses of which he was convicted occurred on December 30, 1990, when Appellant was 22 years old. Criminal Docket at 3; N.T., 9/17/97, at 12. The decision in **Miller** applies only to defendants convicted of murder who were "under the age of 18 at the time of their crimes." **Miller**, 132 S. Ct. at 2460. Accordingly, we agree with the PCRA

---

[3] In **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016), the Supreme Court held that the decision in **Miller v. Alabama** applies retroactively to cases on state collateral review.

court that **Miller v. Alabama** does not apply to Appellant because Appellant was not a juvenile under **Miller** when he committed the underlying offenses.

Appellant seeks to avail himself of the holding of **Miller** by asserting that he was a *de facto* juvenile when he committed the offenses because of "the scientifically verified fact that the juvenile brain does not mature until age 25 . . . ." Appellant's Brief at 7. But this is an argument for an **extension** of the holding of **Miller** to persons convicted of murder who were older at the time of their crimes than the class of defendants subject to the **Miller** holding. "A contention that a newly-recognized constitutional right **should** be extended to others does not render [a] petition [seeking such an expansion of the right] timely pursuant to section 9545(b)(1)(iii)." **Commonwealth. v. Cintora**, 69 A.3d 759, 764 (Pa. Super. 2013) (emphasis in original); **see Commonwealth v. Furgess**, 2016 WL 5416640 (Pa. Super. Sept. 28, 2016).[4]

For these reasons, the PCRA court lacked jurisdiction to consider Appellant's untimely PCRA petition. We therefore affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

_____

[4] Because of our disposition of this case, we need not decide whether Appellant's claim also fails because it was not filed within the 60-day deadline set forth in Section 9545(b)(2) of the PCRA.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/21/2016